UNITED STATES DISTRICT COURT
DISTRICT OF MAINE
BANGOR DIVISION

| | |
|---|---|
| SHAWN WITHAM<br><br>    Plaintiff,<br><br>v.<br><br>HARBOR FREIGHT TOOLS<br><br>    Defendants. | Case No.<br><br>Removed From:<br>Superior Court for Penobscott, Maine<br>Case No. PENSC-CIV-2022-00063 |

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Harbor Freight Tools USA, Inc., incorrectly sued as Harbor Freight Tools, ("Harbor Freight") hereby gives notice that the above-captioned action pending in Penobscot County Superior Court is hereby removed to the United States District Court for the District of Maine. In support of removal, Harbor Freight respectfully states the following:

**I.  Procedural Background and Relevant Facts:**

1. On or about May 27, 2022, Plaintiff Shawn Witham ("Plaintiff") commenced this civil action in Penobscott Superior Court for the State of Maine, by filing a Complaint captioned: *Shawn Witham v. Harbor Freight Tools*, C.A. NO. PENSC-CIV-2022-00063.

2. In his Complaint, [1] Plaintiff alleges that on or about June 24, 2018, he was injured by an allegedly defective bench grinder (Part No. 61748) and a six inch wire wheel (Part

---

[1] Pursuant to 28 U.S.C. 1446(a), copies of all process and pleadings served upon Defendant are attached collectively as **Exhibit 1**.

     No. 60620) purchased from Harbor Freight Tools at its store location in Bangor, Maine.  See Compl. ¶6-10 (**Exhibit 1**).

3. Plaintiff claims that the wire wheel exploded, causing "wire from the wire wheel to penetrate Plaintiff's hands and feet, causing severe bodily injury." See Compl.  ¶12.

4. Plaintiff seeks compensatory damages and attorney's fees and costs. Plaintiff brings four counts against Harbor Freight: (1) Strict Product Liability; (2) Negligence; (3) Breach of Implied Warranty of Merchantability of Fitness for a Particular Purpose; (4) Unfair Trade Practices.

## II.    The Notice of Removal is Timely

5. Plaintiff filed the state court action on May 27, 2022. Harbor Freight was formally served with process on June 7, 2022[2]. *See* **Exhibit 1.**

6. Accordingly, removal is timely pursuant to 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(c). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 354 (1999) (holding that 30-day time limit for removal commences on the date of formal service of the complaint).

## III.    Complete Diversity of Citizenship Exists

7. This action is removable under 28 U.S.C. §§ 1332(a), 1441(b) because it is a civil action where the matter in controversy exceeds $75,000,[3] exclusive of interests and costs, and is between citizens of different states.

---

[2] Plaintiff's Counsel has granted a one week extension for Defendant to file an answer.

[3] A "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by [28 U.S.C.] § 1446(c)(2)(b) only when the plaintiff contests, or the court questions, the defendant's allegations." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

8. Jurisdiction of the court "depends upon the state of things at the time of the action brought." *Grupo Dataflux v. Atlas Global Grp, L.P.*, 541 U.S. 567, 570-71 (2004). When an action is removed to federal court, diversity of citizenship is determined by the facts on the date of removal. *Harrison v. Granite Bay Care*, Inc., 811 F.3d 36, 40 (1st Cir. 2016).

9. Plaintiff is, and was at the time of filing this action, a Maine resident. Compl. ¶1. There are two requirements for domicile: (1) physical presence in a place and (2) the intent to make that place one's home. *See Hearts With Haiti, Inc. v. Kendrick*, 192 F. Supp. 3d 181, 192 (D. Me. 2016). In assessing the latter requirement, the First Circuit has instructed courts to consider a variety of factors including residence. *Hearts With Haiti, Inc.,* 192 F. Supp. 3d 181, 192 (D. Me. 2016) (Citing *Garcia Perez v. Santaella*, 364 F.3d 348, 351 (1st Cir. 2004). Therefore, Plaintiff is a citizen of Maine for purposes of diversity jurisdiction.

10. Defendant Harbor Freight is now, and was at the time plaintiffs commenced this action, a corporation organized under the laws of Delaware with its principal place of business in California. Accordingly, Harbor Freight is a citizen of Delaware and California for the purposes of determining this Court's subject matter jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

### IV. The Amount in Controversy is Met

11. The amount in controversy exceeds $75,000, exclusive of interest and costs.

12. In *Dart Cherokee Basin Operating Co. v. Owens,* 135 S. Ct. 547 (2014), the U.S. Supreme Court held that a defendant may properly remove an action based upon the following principles:

    a. a defendant "need include only a *plausible allegation* that the amount in controversy exceeds the jurisdictional threshold," *id.* at 554 (emphasis added)

    b. the defendant "may *simply allege or assert* that the jurisdictional threshold has been met" under a standard of pleading only "`a short and plain statement of the grounds for removal,'" *id.* at 553-54 (quoting 28 U.S.C. § 1446(a)) (emphasis added), and

    c. once alleged, "the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 553.

13. The *Dart* standard permits a defendant to remove with a simple pleading that asserts a "plausible allegation" that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

14. Then, only if challenged, *Dart* holds that the proper procedure is that "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." 135 S. Ct. at 554. Notably, if remand is sought:

> Discovery may be taken with regard to that question [of whether the jurisdictional threshold is met]. In case of a dispute, the district court must make findings of jurisdictional fact to which the preponderance standard applies.
>
> Of course, a dispute about a defendant's jurisdictional allegations cannot arise until after the defendant files a notice of removal containing those allegations.

*Id. (*emphasis in original) (internal quotation marks omitted).

15. Here, the amount-in-controversy requirement for diversity jurisdiction is satisfied because Plaintiff has made a demand to Harbor Freight that meets the amount in controversy amount of over $75,000.

### V. The Removal is Otherwise Proper

16. As required by 28 U.S.C. § 1446(d), written notice of this Notice of Removal is being served upon counsel for Plaintiff and Harbor Freight is filing a copy of this Notice of Removal with Penobscott Superior Court for the State of Maine. A copy of the Notice of Filing Notice of Removal that will be filed in the state court is attached as **Exhibit 2.**

17. Venue is proper in the Bangor Division of the District of Maine under 28 §USC 1141 (a) and Local Rule 3(b) because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in Penobscot County, Maine.

WHEREFORE Defendant Harbor Freight Tools USA, Inc., respectfully removes this action from Penobscott Superior Court, Maine to this Court pursuant to 28 U.S.C. § 1441.

Dated: June 30, 2022

Respectfully submitted,
Defendant
Harbor Freight Tools USA, Inc.
By Its Attorney,

*/s/ Kyle Bjornlund*
Kyle E. Bjornlund (BBO# 004141)
CETRULO LLP
Two Seaport Lane, 10th Floor
Boston, Massachusetts 02210
Tel: 617-217-5500
Fax: 617-217-5200
kbjornlund@cetllp.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 30, 2022, the foregoing was electronically filed with the Clerk of the Court using the ECF system. The undersigned further certifies that copies of the foregoing were served via e-mail and U.S. Mail, postage prepaid, to:

>Jeffrey Edwards, Esq.
>Preti Flaherty Beliveau & Pachios, LLP
>P.O. Box 9546, Portland, ME 04112-9546
>Phone: (207) 791-3000

>>*/s/Kyle E. Bjornlund*
>>Kyle E. Bjornlund