# EXHIBIT 1

| | |
|---|---|
| STATE OF MAINE | SUPERIOR COURT |
| PENOBSCOT, *ss* | CIVIL ACTION: DOCKET NO. CV- 22- |

| | | |
|---|---|---|
| SHAWN WITHAM, | ) | |
| | ) | |
| Plaintiff, | ) | COMPLAINT AND DEMAND |
| | ) | FOR JURY TRIAL |
| v. | ) | |
| | ) | |
| HARBOR FREIGHT TOOLS | ) | |
| | ) | |
| Defendant. | ) | |

NOW COMES the Plaintiff, Shawn Witham, (hereinafter referred to as "Plaintiff"), by and through his attorney, Jeffrey T. Edwards of Preti Flaherty Beliveau & Pachios, LLP of Portland, Maine, and complains against the Defendant, Harbor Freight Tools, as follows:

## PARTIES

1. Plaintiff is a resident of the Town of Orrington, County of Penobscot, and State of Maine.

2. Defendant Harbor Freight Tools (hereinafter referred to as "Defendant") is a foreign corporation authorized to do business in the State of Maine with a principal place of business at 2541 Agoura Road, Calabasas, CA.

## JURISDICTION AND VENUE

3. The Penobscot County Superior Court has jurisdiction over this action pursuant to 4 M.R.S.A. § 105.

4. Venue is proper pursuant to 14 M.R.S.A. § 501 as the incident giving rise to Plaintiff's claim occurred in Penobscot County, and Plaintiff is a resident of Penobscot County.

1

5. The Penobscot County Superior Court has personal jurisdiction over Harbor Freight Tools as this action arises out of tortious conduct committed by Harbor Freight Tools in the State of Maine.

## FACTUAL BACKGROUND

6. On or about October 31, 2016, Plaintiff, Shawn Witham, purchased a six inch bench grinder (Part No. 61748) and a six inch wire wheel (Part No. 60620) from Harbor Freight Tools at its store location in Bangor, Maine.

7. The six inch bench grinder and 6 inch wire wheel had been purchased with a view to using them in conjunction with Plaintiff's garage that was under construction.

8. On or about June 24, 2018, after construction of the garage was finished and Plaintiff, set up the six inch grinder with the six inch wire wheel for the very first time in order to clean some tools.

9. In the course of cleaning the tools, Plaintiff then turned on the grinder.

10. As soon as the rpm's of the six in bench grinder reached full speed, the six inch wire wheel exploded, causing severe personal injuries to Plaintiff.

11. The six inch wire wheel exploded during its very first use.

12. The explosion of the six inch wire wheel caused wire from the wire wheel to penetrate Plaintiff's hands and feet, causing severe bodily injury.

13. The injuries received by Plaintiff from the exploding wheel were extremely painful and have resulted in permanent impairment.

14. More particularly with respect to Plaintiff's fee, he has constant pain in his feet and his feet feel like they are frozen and numb.

15. Subsequent investigation has disclosed that the six inch wire wheel manufactured, sold and distributed by Harbor Freight was in a dangerous and defective condition, in that the six inch grinder wheel did not contain a ring to prevent the malfunction of the six inch wire wheel during normal utilization in conjunction with a bench grinder.

16. More particularly, the six inch wire wheel did not contain any part which would prevent the discharge of wire components of the six inch wire wheel while the six inch wire wheel was rotating in conjunction with a bench grinder.

## COUNT I
## PRODUCT LIABILITY PURUSANT TO 14 M.R.S.A § 221

17. Plaintiff repeats and realleges the allegations contained in paragraphs 1 and 17 as if set forth fully herein.

18. Defendant had a duty under the common law to design, manufacture and sell a reasonably safe product.

19. The defects in the six inch wire wheel designed, manufactured and sold by Defendant existed at the time that the six inch wire wheel was sold to Plaintiff.

20. At the time of the product failure on June 24, 2018, the six inch wire wheel remained without significant change in the condition in which it was originally sold.

21. Plaintiff was in the category of persons whom Defendant should have reasonably expected to have used and been affected by the defective six inch wire wheel.

22. Based upon the defective condition of the six inch wire wheel designed, manufactured and supplied by Defendant, Defendant is strictly liable to Plaintiff for his damages, in accordance with 14 M.R.S.A. § 221.

23. The defective condition of the six inch wire wheel designed, manufactured and sold by Defendant was the proximate cause of Plaintiff's injuries, damages and losses.

3

WHEREFORE, Plaintiff, Shawn Witham, seeks compensatory damages and such other and further relief as the Court deems just and proper.

## COUNT II
## NEGLIGENCE OF DEFEDANT
## HARBOR FREIGHT TOOLS

24. Plaintiff repeats and realleges the allegations contained in paragraphs 1 and 24 as if set forth fully herein.

25. Defendant had a duty under common law to exercise reasonable care in the design, manufacture and sale of its products.

26. Defendant breached its common law duty of care and was otherwise negligent in designing, manufacturing and selling a six inch wire wheel that was defective and unreasonably dangerous to the user, in this case, Plaintiff.

27. The negligence of Defendant was the proximate cause of Plaintiff's injuries, damages and losses.

WHEREFORE, Plaintiff, Shawn Witham, seeks compensatory damages and such other and further relief as the Court deems just and equitable.

## COUNT III
## BREACH OF IMPLIED WARRANTY OF
## MERCHANTABILITY OF FITNESS FOR A PARTICULAR PURPOSE

28. Plaintiff repeats and realleges the allegations contained in paragraphs 1 and 28 as if set forth fully herein.

29. Defendant impliedly warranted that the six inch wire wheel sold to Plaintiff was merchantable and that it was fit for the intended purpose or use of the product in accordance with Maine Revised Statutes, Title 11 § 2-314 and § 2-315.

30. Defendant breached its implied warranties as the six inch wire wheel was neither merchantable and was not fit for the intended purpose or use of the product.

31. The six inch wire wheel was sold to Plaintiff in a defective condition in that the wire components of the six inch wire wheel exploded and were discharged in the course of using the six inch wire wheel in conjunction with a six inch bench grinder.

32. As a direct and proximate result of the Defendant's acts, omissions and breaches of the implied warranties, Plaintiff suffered severe injuries, damages and losses.

33. As a direct and proximate result of the breach of its implied warranties as described herein, Plaintiff suffered injuries, damages and losses.

WHEREFORE, Plaintiff, Shawn Witham, seeks compensatory damages and such other and further relief as the Court deems just and equitable.

## COUNT IV
## UNFAIR TRADE PRACTICES

34. Plaintiff repeats and realleges the allegations contained in paragraphs 1 and 34 as if set forth fully herein.

35. Defendant has violated 5 M.R.S.A. § 207 by misrepresenting to Plaintiff that the six inch wire wheel designed, manufactured and sold by Defendant was safe for utilization in conjunction with a six inch bench grinder.

36. Plaintiff relied upon the representations of safety made by Defendant in deciding to purchase the six inch wire wheel from the Harbor Freight Tool's location in Bangor, Maine.

37. Defendant committed an Unfair Trade Practice in designing, manufacturing and selling a six inch wire wheel that was defectively manufactured, was dangerous and exposed users to an unreasonable risk of harm during normal operation.

38.     As a result of the Unfair Trade Practices committed by Defendant in violation of 5 M.R.S.A. § 207, Plaintiff has suffered financial losses.

39.     Plaintiff, through counsel, has caused to be served a Notice of Claim on Defendant, in accordance with 5 M.R.S.A. § 207.

40.     Defendant did not respond to Plaintiff's Notice of Claim by offering Plaintiff financial compensation in settlement of his claim.

WHEREFORE, Plaintiff, Shawn Witham, seeks compensatory damages and such other and further relief as the Court deems just and equitable, including Attorney's fees and costs, pursuant to 5 M.R.S.A. § 213(2) together with costs, interest and disbursements.

Dated at Portland, Maine this 27th day of May, 2022.

Jeffrey T. Edwards, Esq., Bar No. 0679
Preti Flaherty
One City Center
P.O. Box 9546
Portland, ME 04112-9546
(207) 791.3000
jedwards@preti.com

JUN 0 7 2022